<div style="color:red; text-align:center">**Corrected**</div>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 20, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MICHEAL CANNON, Jr. * | | |
| *Personal Representative of the* * | | |
| ESTATE OF KATIE CANNON * | Published | |
| * | | |
| Petitioner, * | No. 20-1586V | |
| * | | |
| v. * | Special Master Gowen | |
| * | | |
| SECRETARY OF HEALTH * | Dismissal Decision: Voluntary | |
| AND HUMAN SERVICES, * | Dismissal. | |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * | | |

*Scott William Rooney,* Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
*Emily Manoso,* Department of Justice, Washington, D.C., for respondent.

### DECISION DISMISSING PETITION[1]

On November 13, 2020, Micheal Cannon, Jr., ("petitioner") as personal representative of the Estate of Katie Cannon ("K.C."), filed a petition in the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that as a result of receiving an influenza ("flu") vaccination on September 5, 2017, and a subsequent Hepatitis A ("Hep A") vaccination on November 9, 2017, K.C. suffered a reaction and died on October 29, 2020. Petition. Petitioner was 30 years old at the time of vaccination and died two years and eleven months after the Hep A vaccination. *Id.* Petitioner had a long and complicated hospital course, and claimed to have suffered an undiagnosed neurological and autoimmune injury immediately following the Hep A Vaccination. Petition. K.C.'s death certificate noted the cause of death as "(a) liver failure, (b) cirrhosis of the liver, (c) reaction to hepatitis [A] vaccine…other significant

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended at 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

conditions contributing to death but not resulting in the underlying cause given in Part 1, immune mediated neuropathy." Pet. Ex. 1.

The case initially started in PAR, where petitioner was ordered to file additional affidavits and medical records. *See* PAR Initial Order (ECF No. 5). After several rounds of Subpoenas and medical records, the case was reassigned to my docket. *See* Notice of Reassignment (ECF No. 29); Pet. Ex. 1-14 (ECF Nos. 6-19). I issued an initial order on January 12, 2022, ordering respondent to file an initial status report. Initial Order (ECF No. 30). Respondent indicated missing medical records and I ordered petitioner to file the medical records identified in respondent's status report. (ECF No. 32).

Petitioner filed additional medical records and a statement of completion on July 6, 2022. (ECF Nos. 37-41). An initial status conference was held on August 18, 2022, in which respondent noted a number of missing records and I explained the importance for petitioner to point to a solid diagnosis in order to begin the causation analysis. (ECF No. 43). On September 15, 2022, respondent filed a status report noting "significant outstanding and incomplete records." (ECF No. 44). Petitioner filed additional medical records on September 28, 2022. (ECF No. 46). A status conference was held on October 4, 2022, in which both parties indicated a willingness to subpoena additional records. (ECF No. 48).

I granted four motions for respondent to issue subpoenas to various providers on October 25, 2022. (ECF Nos. 53-56). Respondent filed those records on November 4, 2022, which contained over 16,000 pages of medical records. Respondent's ("Resp.") Ex. A-C (ECF No. 58-60). An additional status conference was held on December 19, 2022, to discuss the recently submitted medical records and how to move the case forward. (ECF No. 69). I reiterated that the ultimate diagnosis of petitioner was still in question and ordered petitioner to review all of the recently submitted medical records and to file a status report on February 28, 2023, indicating his decision to move the case forward or file a motion to voluntarily dismiss the case. *Id*.

On January 19, 2023, petitioner filed a status report which noted that "Petitioner's counsel has communicated with the client and such will agree to Voluntary Dismissal." (ECF No. 70). The Court is treating his statement as a motion for voluntary dismissal and in accord therewith are dismissing the case.

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that she suffered a "Table injury," i.e., that she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The information in the record indicates that there is insufficient evidence presented at this time to justify an award. Accordingly, in light of petitioner's motion requesting a decision dismissing her petition, a further investigation is unwarranted. As such, the petition is hereby, **DISMISSED.**

**This matter is DISMISSED for insufficient proof.** The Clerk of the Court shall enter **judgment accordingly.**[3]

**IT IS SO ORDERED.**

<div style="text-align: right;">

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

</div>

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).